IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

|  |  |  |
|---|---|---|
| | § | |
| **IN RE: CARL DAVID JONES** | § | **Civil Action No. 7:21-mc-00001-BP** |
| **TDCJ No. 01517939** | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Petition to Perpetuate Testimony ("Petition") that Petitioner Carl David Jones filed on September 10, 2021. ECF No. 1. The Petition seeks court permission to depose nine individuals under Federal Rule of Civil Procedure 27. ECF No. 1. Jones has not yet filed suit and states in his Petition that depositions are needed to "marshal the known facts accurately and to conduct his prefiling investigation in order to evaluate and determine the merit of his [] § 1983 civil claim." *Id.* at 4. After considering Jones's pleadings and the applicable legal authorities, the undersigned finds that Jones's Petition should be and is hereby **DENIED**.

## I.   BACKGROUND

Jones is an inmate at the James V. Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas, where he is serving a life sentence for a 2007 capital murder conviction. *Id.* at 1. Jones is currently in hospice care. *Id.* at 3. Jones believes his healthcare providers negligently delayed his treatment, causing an otherwise curable liver problem to become terminal. *Id.* Jones believes this is grounds for a civil rights claim under 42 U.S.C. § 1983 and seeks to depose various members of his healthcare team, along with administrative staff and records custodians, because he suspects the deponents will attempt to hide evidence of their negligence. *Id.* He seeks an order authorizing the depositions before filing suit so he may ascertain the relevant facts before the deponents can commit such spoliation. *Id.*

## II.      LEGAL STANDARDS

Federal Rule of Civil Procedure 27 provides a means of perpetuating testimony before an

action is filed. *See* Fed. R. Civ. P. 27. A person seeking to perpetuate testimony under the Rule

must "file a verified petition in the district court for the district where any expected adverse party

resides." *Id.* The Petition must show:

> (A) that the petitioner expects to be a party to an action cognizable in a United
> States court but cannot presently bring it or cause it to be brought; (B) the subject
> matter of the expected action and the petitioner's interest; (C) the facts that the
> petitioner wants to establish by the proposed testimony and the reasons to
> perpetuate it; (D) the names or a description of the persons whom the petitioner
> expects to be adverse parties and their addresses, so far as known; and (E) the name,
> address, and expected substance of the testimony of each deponent.

*Id.* Absent any required showing, the Court cannot grant a petition. *Id.* Relevant here, petitioners

satisfy the first showing by demonstrating a unique need for the testimony and explaining why

they cannot presently bring a lawsuit. *In re Ramirez*, 241 F.R.D. 595, 596 (W.D. Tex. 2006). In

addition, petitioners satisfy the third showing by articulating specific reasons to perpetuate the

testimony, and "unsubstantiated, conclusory allegations that evidence will be lost are not sufficient

to warrant relief under Rule 27." *Tyson v. Daspit*, No. 19-MC-0031, 2019 WL 1984316, at *1

(W.D. La. May 3, 2019) (citing *In re Ramirez*, 241 F.R.D. at 596).

Rule 27 only affords relief to petitioners seeking to "perpetuate testimony." *See* Fed. R.

Civ. P. 27(a)(1). In this regard, "[i]t is well established in case law that perpetuation means the

perpetuation of known testimony. In other words, Rule 27 may not be used as a vehicle for

discovery prior to filing a complaint." *In re Ramirez*, 241 F.R.D. at 596 (citing *Ash v. Cort*, 512

F.2d 909, 911 (3d Cir. 1975)). "The early commentators agreed that [using Rule 27 as a discovery

vehicle] was not the purpose of the rule, and, despite an occasional intimation to the contrary, the

courts have generally agreed that to allow Rule 27 to be used for this purpose would be abuse of

the rule." 8 WRIGHT, MILLER, & MARCUS, FED. PRACTICE & PROC. § 2071 (1994) (internal

citations omitted).

### III.    ANALYSIS

Jones's Petition must be denied for three reasons: (1) he does not explain why he is

precluded from presently filing a lawsuit; (2) he relies on "unsubstantiated, conclusory allegations

that evidence will be lost" when providing a reason for the proposed testimony; and (3) he seeks

to improperly use Rule 27 to secure fact discovery before filing a lawsuit.

**A.    Jones does not explain how he is precluded from bringing a lawsuit.**

The first showing required for Rule 27 petitions is "that the petitioner expects to be a party

to an action cognizable in a United States court but cannot presently bring it or cause it to be

brought." Fed. R. Civ. P. 27(a)(1)(A). In this way, the Rule protects the interests of individuals

who are currently incapable of suing, but need to take depositions to secure testimony for an

anticipated action. Petitioners must specifically explain why they cannot bring a lawsuit and thus

need to conduct Rule 27 depositions before filing a complaint. *In re Ramirez*, 241 F.R.D. at 596.

Here, Jones is in hospice care. ECF No. 1 at 1. While placement in hospice complicates the process

and accelerates the litigation timeline, it does not prevent Jones from filing a lawsuit. Thus, while

Jones shows he is terminally ill and ineligible for a liver transplant, *see* ECF No. 1 at 3, he does

not explain what stops him from filing suit now. Thus, Jones's Petition must be denied because he

does not make the first showing Rule 27 requires.

**B.    Jones only provides a conclusory reason the proposed depositions are necessary.**

To establish the third showing Rule 27 requires, the verified petition must include "the

facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate

it." Fed. R. Civ. P. 27(a)(1)(C). As the next section discusses, Jones does not provide facts he

wishes to establish by the proposed testimony, but rather, facts he wishes to uncover through the testimony, thus seeking an improper use of the Rule. Nevertheless, Jones fails to make the third required showing because his stated reason for the proposed depositions is an "unsubstantiated, conclusory allegation[] that evidence will be lost," which is insufficient for Rule 27 relief. *Tyson*, 2019 WL 1984316, at *1 (citing *In re Ramirez*, 241 F.R.D. at 596). Jones says the named deponents will likely "oppose the proceeding and prefiling investigation to marshal the known facts and preserve the medical records to evaluate the merit of this lawsuit." *See* ECF No. 1 at 3-4. Without explaining how or why he came to this belief, or providing any additional facts to support his suspicion, this is a conclusory allegation incapable of supporting Rule 27 relief. Thus, Jones fails to make the third showing required by the Rule and his Petition should be denied accordingly.

> **C.      Jones seeks to uncover facts supporting his cause of action through the proposed depositions, but Rule 27 only sanctions depositions to establish known facts for the evidentiary record.**

Jones's Petition also must be denied because he seeks to perpetuate testimony for pre-trial discovery, which is beyond Rule 27's scope. The Petition states:

> Plaintiff needs to conduct this prefiling investigation authorized under Rule 27, Fed. R. Civ. P., to scrutinize all of the known facts and to evaluate the merit of his claims autherized [sic] under 42 U.S.C. § 1983 and to accurately present the dates treatment was requested after the defendants [knew] he was infected, and the dates Dr. A. Rakvit, M.D. placed him on priority #1 list, the date that a subsiquent [sic] physician diagnosed him as [terminally] ill and beyond treatment.

ECF No. 1 at 3. The Petition repeatedly refers to the contemplated depositions as a "prefiling investigation." *See, e.g.*, *id.* at 1, 3, 4. It thus appears Jones wants to use Rule 27 to conduct discovery and determine if he has a cognizable § 1983 claim. But Rule 27 "may not be used as a vehicle for discovery prior to filing a complaint." *In re Ramirez*, 241 F.R.D. at 596. To allow Jones to conduct such discovery under Rule 27 would put the cart of discovery before the horse of a

lawsuit, resulting in "abuse of the rule." *See* 8 WRIGHT, MILLER, & MARCUS, FED. PRACTICE &

PROC. § 2071. Consequently, the Court must deny his Petition.

## IV.     CONCLUSION

Jones's Petition should be denied for three reasons: (1) he fails to explain what prevents

him from presently filing a lawsuit based on the facts alleged; (2) his need for the depositions are

rests on "unsubstantiated, conclusory allegations that evidence will be lost"; and (3) he seeks to

conduct an improper "prefiling investigation" under Rule 27, which is not intended for that

purpose.  *See* ECF No. 1 at 3. Rule 27 only applies when a petitioner cannot currently bring a

lawsuit and has specific reasons the proposed depositions are necessary. *See* Fed. R. Civ. P.

27(a)(1)(A)-(C). And even when the Rule applies, it does not sanction fishing expeditions whereby

the petitioner conducts pre-filing discovery and uses the Rule to ascertain whether he has a cause

of action. For these reasons, the Petition should be and is hereby **DENIED**.

It is so **ORDERED** on January 11, 2022.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE